UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDY RINDAHL, | ) | Civ.  11-4085 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DENNIS DAUGAARD, Governor, State of | ) | |
| South Dakota; | ) | |
| MARTY JACKLEY, Attorney General; | ) | |
| AARON McGOWAN, State Attorney, | ) | REPORT and RECOMMENDATION |
| Minnehaha County; | ) | |
| BRYAN GOATMAKER, Director of the | ) | |
| Division Criminal Investigation; | ) | |
| TIM REISCH, Sec. of Corrections; | ) | |
| D.WEBER, Warden; | ) | |
| DARYL SLYKHUIS, Deputy Warden; | ) | |
| D. YOUNG, Asst. Warden Annex Prison; | ) | |
| O. SPURRELL, Assc. Warden; | ) | |
| T. PONTO, Assc. Warden; | ) | |
| C. VAN VORNE, Senior Major; | ) | |
| T. LINNIWEBER, Security Major; | ) | |
| M. RODOSKY, Security Capt.; | ) | |
| J. MILLER, Security Lt.; | ) | |
| WOODWARD, Section Manager; | ) | |
| FANTROY, Section Manager; | ) | |
| DITTMONSON, Section Manager; | ) | |
| MATSEN, Section Manager; | ) | |
| WAAGMEESTER, Section Manager; | ) | |
| SCO PAROLE AGENT McCLOUD; | ) | |
| LT. LAUSENG; | ) | |
| SATTULU, Supervisor, DCI; | ) | |
| LEUNING, DCI; | ) | |
| T. WOLFGANG, Director of Mental Health; | ) | |
| J. FALON, Mental Health; | ) | |
| G. BARSTAND, Mental Health; | ) | |
| OELSEN, Case Manager (Retired); | ) | |
| K. VAMERAN, Case Manager/PREA | ) | |
| Director; | ) | |
| OLSON, SCO; | ) | |
| KLINE, SGT/Coordinator; | ) | |
| ROTER, LT./Pheasent Land Industries; | ) | |
| KLINSAUCER, Mental Health (Retired); | ) | |
| L. HINKLEY, Avera McKennan Hospital; | ) | |
| VELD, Coordinator Sioux Falls Prison | ) | |
| System, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Randy Rindahl, is a prisoner at the South Dakota State Penitentiary (SDSP) in Sioux Falls South Dakota.  Rindahl has filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983, alleging various deprivations of his civil rights by the above-named Defendants.  Rindahl initially filed the instant lawsuit in the Eastern District of Wisconsin, but U.S. District Judge Rudolph Randa  transferred the case to this district because venue was improper in the  Eastern District of Wisconsin. *See* Doc. 26. Plaintiff wishes to proceed *in forma pauperis*.  His complaint has been referred to the undersigned for "screening" pursuant to 28 U.S.C. § 1915(e) and 1915A.[1]  *See* Doc. 29.

---

[1]28 U.S.C. § 1915(e)(2)(B)(ii) provides:
(2)Notwithstanding any filing fee, or any portion thereof that may have been paid, the court shall dismiss the case at any time if the court determines that –
    (B) the action or appeal–
     (i) is frivolous or malicious;
     (ii) fails to state a claim on which relief may be granted; or
     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915A provides in relevant part:
    (a) Screening.–The Court shall review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;
        (2) seeks monetary relief from a defendant who is immune from such relief.

**DISCUSSION**

**1.     Rindahl's Litigation History and Whether He has Sufficiently Alleged
         "Imminent Danger" for IFP Status**

The Prison Litigation Reform Act provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in
> a civil action or proceeding under this section if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it was frivolous, malicious, or fails to state
> a claim upon which relief may be granted, *unless the prisoner is under
> imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added).

Rindahl is a frequent litigant in the District of South Dakota.  He has been
designated as a "three-strike" litigant who is ineligible for *in forma pauperis* status in
the absence of a sufficient claim of imminent danger of serious physical harm.
Rindahl's previous claims of imminent danger have been deemed inadequate or
exaggerated.[2]   Rindahl's lawsuits which have been dismissed upon "screening"
pursuant to 28 U.S.C. § 1915(d) or §1915(e)(2)(B)(ii)[3] are summarized below:

1.     *Rindahl v. Class*, Civ. 95-4207 (D.S.D.)  Rindahl claimed the DOC failed to
       adequately enforce its own policies.  Judge Jones dismissed the claim as
       frivolous pursuant to 28 U.S.C. § 1915(d).  **Strike One**.

2.     *Rindahl v. Class*, Civ. 96-4116 (D.S.D.)   Rindahl claimed unacceptable
       conditions in the SHU (special housing unit).  Judge Jones dismissed the claim
       for failure to state a claim upon which relief may be granted pursuant to 28
       U.S.C. § 1915(d).  **Strike Two.**

3.     *Rindahl v. Class,* Civ.  96-4117 (D.S.D.) Rindahl claimed false disciplinary
       reports were filed against him in retaliation for filing a religious rights lawsuit.

---

[2]*Rindahl v. Reisch*, Civ. 10-4004 (D.S.D.) (In forma pauperis status initially
granted but later revoked based on Rindahl's misrepresentations to the Court; case
dismissed for failure to state a claim upon which relief may be granted pursuant to 28
U.S.C. §1915(e)); *Rindahl v. Reisch*, 10-4156 (D.S.D.) (In forma pauperis status denied
for  failure to sufficiently allege imminent danger of serious physical harm).

[3]The former 28 U.S.C.§ 1915(d) became 28 U.S.C. § 1915(e) when the PRLA
became effective in  1996.  *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996).

Judge Jones dismissed the claim for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(d). **Strike Three.**

4.   *Rindahl v. Webber*, Civ. 08-4041 (D.S.D.)  Rindahl claimed he was raped by a prison guard in 2003 and that the incident was never properly investigated by prison personnel.  Judge Battey initially denied IFP status because Rindahl failed to sufficiently allege imminent danger.  Judge Battey eventually allowed Rindahl to proceed IFP, but nevertheless ultimately dismissed the case for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).  **Strike Four.**  The Eighth Circuit summarily affirmed Judge Battey's decision.

5.   *Rindahl v. Reisch*, Civ. 10-4004 (D.S.D.)  Rindahl claimed deliberate indifference to a serious medical need (inattention to prison doctor's recommendation that surgery may be necessary on his cervical spine).  Rindahl was initially granted IFP status based on his claims of imminent danger.  His IFP status was revoked based upon Rindahl's  misrepresentations to the Court about the course of medical care given by prison medical personnel.  Rindahl's case was dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  **Strike Five.**  The Eighth Circuit denied IFP status on appeal.

In addition to the above cases which resulted in "strikes" for purposes of the PRLA,  the following cases  have been dismissed because Rindahl  failed to pre-pay the filling fee, and failed to adequately allege imminent danger of serious physical harm (which would have allowed him to proceed in the absence of pre-payment, despite  his "three-strike" status) pursuant to 28 U.S.C. § 1915(g):

6.   *Rindahl v. Webber*, Civ. 09-4084 (D.S.D.) Rindahl claimed deliberate indifference to a serious medical need.  He alleged inadequate recovery time related to a surgical procedure performed in 2007.  Judge Piersol denied IFP status because Rindahl failed to sufficiently allege imminent danger of serious physical harm.

7.   *Rindahl v. Reisch*, Civ. 09-4085 (D.S.D.)  Rindahl claimed Warden Weber and others did not properly follow prison policy in investigating a sexual assault allegedly perpetrated upon Rindahl at some unspecified time in the past.  Judge Piersol denied IFP status because Rindahl failed to sufficiently allege imminent danger of serious physical harm.  Judge Piersol also noted the claims were duplicative of those which were then pending in Civ. 08-4081.

8.   *Rindahl v. Reisch*, Civ. 10-4156 (D.S.D.)  Rindahl alleged previous sexual assaults which were perpetrated upon him at the SDSP were not appropriately investigated by prison personnel.  Judge Schreier noted the Complaint was "nearly illegible" but nevertheless denied IFP status and dismissed the Complaint because Plaintiff failed to sufficiently allege imminent danger of serious physical harm.  The Eighth Circuit denied Rindahl's application for IFP status on appeal and dismissed the case for failure to prosecute.

4

"The Prison Litigation Reform Act of 1996 enacted what is commonly referred to as the 'three strikes' provision, codified at 28 U.S.C. § 1915(g). This statute provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim may not proceed in a civil action *in forma pauperis* 'unless the prisoner is under imminent danger of serious physical injury.' The statute's bar does not preclude the inmate from filing additional actions but does deny him the advantages of proceeding *in forma pauperis*." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). A complaint that makes only conclusory assertions (such as the defendants are trying to kill the plaintiff by forcing him to work in extreme conditions despite his blood pressure condition) are insufficient to invoke the imminent danger exception. *Id.* Instead, specific allegations of ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury are necessary. *Id.*

An otherwise ineligible prisoner may proceed IFP only if he is in imminent danger *"at the time of filing." Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)(emphasis in original). Furthermore, "verbal threats and name calling usually are not actionable under § 1983." *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). *See also, Smith v. Copeland*, 892 F.Supp.1218, 1230 (E.D.Mo. 1995) (gestures and abusive language alone are not actionable under § 1983); *Ellis v. Meade*, 887 F.Supp. 324, 329 (D. Me. 1995) (threatening language by guards does not generally violate prisoners' constitutional rights). Because verbal threats and abusive language are not actionable under § 1983, they likewise may not form the basis of an imminent danger exception to the "three strike" rule.

It is with these standards in mind that Rindahl's Complaint in this case has been reviewed to determine if he is eligible for *in forma pauperis* status under the imminent danger exception the "three strike" rule.[4] Because Rindahl is a three strike litigant and

---

[4]. Many of Rindahl's current allegations are the same ones he has made in previous complaints. These claims have previously been found insufficient because they cannot survive the " screening" process or because they do not sufficiently allege imminent danger of serious physical harm, or both.

this Complaint does not meet the imminent danger exception , this Complaint should be dismissed.

Rindahl's Amended Complaint[5] and the 34 attachments to his original Complaint have been carefully reviewed.   At the heart of Rindahl's claim is his allegation that he was sexually assaulted  by SDSP staff  in approximately 2003. Rindahl alleges the various Defendants have failed to follow DOC policy and failed to appropriately investigate or if they have investigated, failed to properly follow up with criminal charges against the prison staff.

These are the same allegations made in several of Rindahl's previous lawsuits. *See e.g. Rindahl v. Webber*, Civ. 08-4041 (D.S.D.); *Rindahl v. Reisch*, Civ. 09-4085 (D.S.D.) *Rindahl v. Reisch*, Civ. 10-4156.  These cases were dismissed for failure to state a claim upon which relief may be granted, or IFP status was denied for failure to sufficiently allege imminent danger of serious physical harm, or both.  For the same reasons explained by Judges Battey, Piersol and  Schreier in those  cases, Rindahl has failed to sufficiently allege imminent danger to overcome his three strikes status here. Rindahl's  allegations pertain to past incidents and do not present evidence of ongoing serious physical injury or a pattern of misconduct which evidences the likelihood of imminent serious physical injury.

Rindahl's  allegations are at best conclusory  and  insufficient as in *Martin*, and fall far short of the specific allegations of ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury which are necessary to qualify for *in forma pauperis* status.  On this basis, it is respectfully recommended to the District Court that Rindahl's motion for *in forma pauperis* status be DENIED and his case be dismissed.

---

[5]The Amended Complaint (Doc. 20) is the same as the original Complaint (Doc. 1) except page 10 was missing from the original Complaint.

6

**CONCLUSION and RECOMMENDATION**

For the reasons more fully explained above, it is respectfully RECOMMENDED to the District Court that Plaintiff's Motion for *in forma pauperis* status (Doc. 2) be DENIED and that Plaintiff's Complaint be DISMISSED, without prejudice subject to Plaintiff's pre-payment of the $350 filing fee.[6]

Plaintiff, however, shall remain responsible for payment of the remainder of the $350.00 filing fee . *In Re: Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986).

Dated this 11th day of August, 2011

BY THE COURT:

s/John E. Simko
_____
John E. Simko
United States Magistrate Judge

[6]Rindahl has paid the initial partial filing fee of $16.70 in this case and in Civ. 11-4082. This payment was made pursuant to the Order of Magistrate Judge Joseph in the Eastern District of Wisconsin, which requires payment of the initial partial filing fee *before* the case will be "screened" pursuant to 28 U.S.C. § 1915A. *See* Doc. 15.