UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDY RINDAHL, | ) | Civ. 11-4085 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DENNIS DAUGAARD, Governor, State of | ) | |
| South Dakota; | ) | |
| MARTY JACKLEY, Attorney General; | ) | |
| AARON McGOWAN, State Attorney, | ) | ORDER |
| Minnehaha County; | ) | |
| BRYAN GOATMAKER, Director of the | ) | |
| Division Criminal Investigation; | ) | |
| TIM REISCH, Sec. of Corrections; | ) | |
| D. WEBER, Warden; | ) | |
| DARYL SLOUCHES, Deputy Warden; | ) | |
| D. YOUNG, Asst. Warden Annex Prison; | ) | |
| O. SURREAL, Assc. Warden; | ) | |
| T. PINTO, Assc. Warden; | ) | |
| C. VAN VERNE, Senior Major; | ) | |
| T. LINNIWEBER, Security Major; | ) | |
| M. RODOSKY, Security Capt.; | ) | |
| J. MILLER, Security Lt.; | ) | |
| WOODWARD, Section Manager; | ) | |
| FANTROY, Section Manager; | ) | |
| DITTMONSON, Section Manager; | ) | |
| MATSEN, Section Manager; | ) | |
| WAAGMEESTER, Section Manager; | ) | |
| SCO PAROLE AGENT McCLOUD; | ) | |
| LT. LAUSENG; | ) | |
| SATTULU, Supervisor, DCI; | ) | |
| LEUNING, DCI; | ) | |
| T. WOLFGANG, Director of Mental Health; | ) | |
| J. FALON, Mental Health; | ) | |
| G. BARSTAND, Mental Health; | ) | |
| OELSEN, Case Manager (Retired); | ) | |
| K. VAMERAN, Case Manager/PREA Director; | ) | |
| OLSON, SCO; | ) | |
| KLINE, SGT/Coordinator; | ) | |
| ROTER, LT./Pheasent Land Industries; | ) | |
| KLINSAUCER, Mental Health (Retired); | ) | |
| L. HINKLEY, Avera McKennan Hospital; | ) | |
| VELD, Coordinator Sioux Falls Prison | ) | |
| System, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Randy Rindahl, filed a 42 U.S.C. § 1983 action against defendants alleging that defendants caused various harms to him during his continued incarceration at the South Dakota State Penitentiary (SDSP). While Rindahl initially filed this action in the Eastern District of Wisconsin, the case was transferred to this court because venue was improper in the Eastern District of Wisconsin but is proper in the District of South Dakota. Docket 26. Rindahl moves for leave to proceed in forma pauperis (IFP). Docket 2. According to 28 U.S.C. § 1915A, the court must screen each prisoner case to determine if it should proceed IFP. This court referred the initial screening to Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Simko recommended that this court dismiss Rindahl's complaint without prejudice because Rindahl is a three-strikes litigant who failed to sufficiently allege an imminent danger of serious harm as required by 28 U.S.C. § 1915(g). Rindahl objects to the findings made in the Report and Recommendation. Docket 43. Defendants have not objected to the Report and Recommendation or responded to Rindahl's objections.

## STANDARD OF REVIEW

In considering a magistrate judge's recommendation on a dispositive matter, such as dismissing a complaint, a district court must make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A de novo review requires a district court to make its own determination of any disputed

2

issue. *United States v. Portmann*, 207 F.3d 1032, 1033 (8th Cir. 2000). Additionally, when a party objects to the factual findings of a magistrate judge, the district court must make its own de novo determination of the facts with no deference to the magistrate judge's findings. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court has conducted a de novo review of the record. For the reasons explained below, the court adopts the Report and Recommendation in its entirety.

## DISCUSSION

**I.  IFP Objections**

**A.  Objection Number One**

In objection number one, Rindahl disputes Magistrate Judge Simko's calculation of his strikes pursuant to 28 U.S.C. § 1915. The Prison Litigation Reform Act provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g) (emphasis added). Section 1915(g), commonly referred to as the "three strikes" provision, "does not preclude the inmate from filing additional actions but does deny him the advantages of proceeding *in forma pauperis*." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

"Imminent danger of serious physical injury" requires the prisoner to make specific allegations of an ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Id.* The prisoner must be in imminent danger "***at the time of filing***." *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) . . . .").

Rindahl has a substantial litigation history. Magistrate Judge Simko determined that Rindahl has five strikes under § 1915. After reviewing Rindahl's litigation history, the court agrees that Rindahl has ***at least*** five strikes.

First, in *Rindahl v. Class et al.*, Civ. 95-4207 (D.S.D. 1995), Rindahl alleged that the South Dakota Department of Corrections (DOC) failed to adequately enforce its own policies. The court dismissed that action as frivolous pursuant to § 1915(d), Civ. 95-4207, Dockets 5, 6, which counts as Rindahl's first strike. *See* § 1915(g) (stating that a dismissal as frivolous is a strike). Second, in *Rindahl v. Class et al.*, Civ. 96-4116 (D.S.D. 1996), Rindahl claimed that his conditions in the special housing unit were unacceptable. The court dismissed that action for failure to state a claim upon which relief may be granted pursuant to § 1915(d), Civ. 96-4116, Dockets 5, 6, which is Rindahl's second strike.

Third, in *Rindahl v. Class et al.*, Civ. 96-4117, Rindahl claimed that prison officials filed disciplinary reports against him in retaliation for filing a religious rights lawsuit. That action was dismissed for failure to state a claim upon which relief may be granted pursuant to § 1915(d), Civ. 96-4117, Dockets 5, 6, which constitutes Rindahl's third strike. Fourth, in *Rindahl v. Weber et al.*, Civ. 08-4041 (D.S.D. 2008), Rindahl claimed that he was sexually assaulted by a prison guard in 2003 and that prison personnel did not properly investigate the matter. While Rindahl initially proceeded IFP, the case was later dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Civ. 08-4041, Docket 152, and, thus, was Rindahl's fourth strike. The Eighth Circuit summarily affirmed the dismissal. Civ. 08-4041, Docket 246.

Fifth, in *Rindahl v. Reisch*, Civ. 10-4004 (D.S.D. 2010), Rindahl claimed that prison officials were deliberately indifferent to his medical needs. Even though Rindahl was a "three-strike" litigant the court initially granted Rindahl IFP status. Docket 84 at 1. The court later revoked that IFP status based upon **Rindahl's misrepresentations** regarding his medical care. The court dismissed that case for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Civ. 10-4004, Docket 84, which was Rindahl's fifth strike. The Eighth Circuit denied IFP status on appeal. Civ. 10-4004, Docket 91.

Beyond these five strikes, Rindahl has initiated three other lawsuits in this district that were dismissed because Rindahl failed to prepay the filing fee and failed to allege imminent danger of serious physical harm. *See Rindahl v. Weber*, Civ. 09-4084 (D.S.D. 2009); *Rindahl v. Reisch*, Civ. 09-4085 (D.S.D. 2009); and *Rindahl v. Reisch*, Civ. 10-4156 (D.S.D. 2010). He currently has numerous suits pending in this court. *See Rindahl v. Daugaard et al.*, Civ. 11-4086 (D.S.D. 2011); *Rindahl v. Daugaard et al.*, Civ. 11-4130 (D.S.D. 2011); and *Rindahl v. Daugaard et al.*, Civ. 11-4131 (D.S.D. 2011). In addition, Rindahl filed an action in the Eastern District of Wisconsin, which was transferred to this jurisdiction, *Rindahl v. Daugaard et al.*, Civ. 11-4082 (D.S.D. 2011), which was dismissed with prejudice as a Rule 11 sanction because Rindahl prepared and filed fraudulent documents in the case.

After reviewing the record de novo, the court adopts Magistrate Judge Simko's recommendation that Rindahl has **at least** five strikes for purposes of § 1915(g). Thus, Rindahl's objection number one is overruled.

### B.   Objection Numbers Two and Three

Because Rindahl is a three-strikes litigant, he must show he is in imminent danger of serious physical injury in order to proceed IFP in this action. § 1915(g). Magistrate Judge Simko reviewed Rindahl's complaint and determined that Rindahl has not met this threshold showing. Rindahl objects to this determination.

In order for a three-strikes litigant to proceed IFP, the complaint must do more than make conclusory assertions that plaintiff is in imminent danger of physical harm. *Martin*, 319 F.3d at 1050. Instead, the plaintiff must make specific allegations of an ongoing serious physical injury **or** allege a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Id.* This imminent danger must be clear at the time the plaintiff files the complaint. *Id.* ("[T]he exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct.").

While Rindahl alleges various claims against defendants, the heart of all his claims is his allegation that SDSP staff sexually assaulted him in 2003. In objection number two, Rindahl disputes Magistrate Judge Simko's determination that he has previously litigated these claims.

After reviewing Rindahl's substantial litigation history, the court agrees with Magistrate Judge Simko that Rindahl has previously litigated many of these claims in *Rindahl v. Weber et al.*, Civ. 08-4041 (D.S.D. 2008); *Rindahl v. Reisch et al.,* Civ. 09-4084 (D.S.D. 2009); and *Rindahl v. Reisch et al.*, Civ. 10-4156 (D.S.D. 2010). Rindahl does not get endless bites at the same apple; he cannot allege the same claims here that the court dismissed in prior actions. Moreover, § 1915(g) prohibits an inmate from seeking a remedy for past misconduct by prison officials. Thus, Rindahl's objection number two is overruled.

Even if Rindahl had not previously litigated the claims in the above-cited actions, his claims do not meet the § 1915(g) imminent danger standard. In objection number three, Rindahl argues that even a lay person would find that his alleged sexual assault in 2003 constitutes imminent physical injury. But even if the 2003 incident occurred, it is a single incident from eight years ago and does not result in an ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Thus, Rindahl's objection number three is overruled.

After carefully reviewing Rindahl's complaint, the court can find no claims by Rindahl that allege either an ongoing serious physical injury *or* a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Thus, the courts agrees with Magistrate Judge Simko that Rindahl cannot proceed IFP in this action. Accordingly, it is

ORDERED that the Report and Recommendation of Magistrate Judge Simko (Docket 42) is adopted in all respects.

IT IS FURTHER ORDERED that plaintiff's objections to the Report and Recommendation (Docket 43) are overruled.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Docket 2) is denied. Plaintiff's complaint (Docket 1) is dismissed without prejudice to refiling accompanied by the entire $350 filing fee.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Docket 3), motion for a preliminary injunction (Docket 12), motion for a

temporary restraining order (Docket 21), motion to amend/correct the complaint to correct spelling and grammatical errors (Docket 23), motion to change venue (Docket 34), second motion to appoint counsel (Docket 36), and motion to compel Magistrate Judge Simko to rule on Rindahl's motions (Docket 37) are denied as moot.

Dated September 29, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE